**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (646) 593-8866
Fax:     (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| YANGCHUN SHIPPING INC. | ECF CASE |
| Plaintiff, | 08 Civ. 7326 (BSJ) |
| - against - | **VERIFIED COMPLAINT** |
| SHANDONG LONGSHENG IMPORT & EXPORT CO. LTD. | |
| Defendant. | |

------------------------------------------------------------X

Plaintiff, YANGCHUN SHIPPING INC., ("Plaintiff") by its attorney, LAW OFFICES OF RAHUL WANCHOO, alleges on information and belief as follows:

**JURISDICTION AND VENUE**

1.   This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has jurisdiction over this matter because the action also arises under the convention on the

Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

2. At all material times, Plaintiff was and now is a foreign corporation organized and existing under and by virtue of the laws of the Cambodia, and is the owner of the M.V. YANG XUE ("Vessel"), a general cargo vessel of about 18,427 MT deadweight tons capacity engaged in the carriage of bulk cargo by water.

3. Upon information and belief, at all material times, SHANDONG LONGSHENG IMPORT & EXPORT CO. LTD. ("Defendant"), was and now is a foreign corporation organized and existing under and by virtue of the laws of the People's Republic of China, and was the consignee of certain cargo of logs ("Cargo") shipped on board the Vessel at Kele Bay Port, Solomon Islands for carriage to China, pursuant to two CONGENBILL Edition 1994 bills of lading dated March 29, 2007 and April 5, 2007 (the "Bills of Lading").

**FACTS GIVING RISE TO CLAIM**

4. On or about December 11, 2006, Plaintiff entered into a voyage charter party ("Charter Party") with Jingxin Australia Pty Ltd., as charterer of the Vessel for the carriage of logs from safe ports Solomon Islands to safe ports China at charterer's option.

5. On or about 18 April 2007, during the voyage from Solomon Islands to China the Vessel suffered a casualty due to heavy weather and from 20 April 2007 2226 LT to 1355 on 23 April 2007 was towed to Ninbo, China, which was the nearest port of refuge to await further arrangement of discharge. However, Defendant insisted that the Vessel be towed to the intended discharge port at Taizhou, China (which was an impossible task given that the Vessel had lost her rudder stock), because Defendant refused to obtain customs clearance to permit

discharge of the Cargo at Ninbo. By reason of the Defendant's unreasonable request that the Vessel be towed to Taizhou for discharge of the Cargo the Vessel was delayed by about two months at Ninbo. After further negotiation between the parties, the Cargo was finally transshipped and transported to Taizhou.

6. On or about 9 June 2007 discharge from the Yang Xue commenced into barges. On 13 June 2007, during transshipment of the Cargo at Ninbo the Vessel was arrested by the Defendant for security for an alleged cargo claim. Plaintiff has posted security in the amount of RMB 12,000,000 (about $1.75 million) to release the Vessel from arrest on 3rd August 2007 and is defending the suit brought by the Defendant for its alleged cargo claim before the court in Wuhan, China. Plaintiff has also commenced an action against the Defendant before the same court in China for damages for loss of use and delay of the Vessel at Ninbo, China.

7. By reasons of the premises, the Plaintiff has sustained damages in the amount of $2,143,571.00, which are summarized as follows:

| | |
|---|---|
| Loss of usage of Vessel: 106 days @ $20,000/day | $2,120,000.00 |
| Fee for immigration office on board during arrest RMB 75,000 | $ 10,714.00 |
| Unpaid port fee in Taizhou: RMB 90,000 | $ 12,857.00 |
| Total | **$ 2,143,571.00** |

8. The Plaintiff has commenced proceedings against the Defendant in China for loss of use and delay of the Vessel while it was waiting for the receivers to discharge their cargo. In addition to the principal claim, Plaintiff is also entitled in China, to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated, are $50,000.00

3

9. Litigation of these disputes in China may take up to 3 years including appeals if any. Plaintiff is entitled to and would receive interest at 5.25% per annum compounded annually to the completion of the litigation of about $363,082.24.

10. Based upon the foregoing, therefore, the Plaintiff's total claim against Defendant for which it seeks security herein is $2,556,653.24 ($2,143.571.00+ $50,000.00 +$363,082.24).

11. All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

12. The Plaintiff brings this action by seeking an order of seizure of Defendant's goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendant to proceed with litigation of Plaintiff's claim against Defendant and to retain jurisdiction to enter a judgment upon the judgment in the court of Wuhan China.

WHEREFORE, the Plaintiff prays the following:

1. That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against SHANDONG LONGSHENG IMPORT & EXPORT CO., LTD., and that it be personally cited to appear and answer the matters set forth above.

2. That if the Defendant cannot be found within this District, then that Defendant's goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $2,556,653.24, the sum sued for in this Complaint;

3. That the action thereafter be stayed pending the decision of the litigation in China and that a judgment be entered upon the judgment of the aforesaid court for the amount of any recovery by Plaintiff, together with interest, costs and disbursements of this action; and

4. That this Court grants to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
August 19, 2008

                LAW OFFICES OF RAHUL WANCHOO
                Attorneys for Plaintiff
                YANGCHUN SHIPPING INC.

By: _/s/ Rahul Wanchoo_
      Rahul Wanchoo (RW-8725)