**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone:  (646) 593-8866
Fax:     (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

YANGCHUN SHIPPING INC.

      Plaintiff,

   - against -


SHANDONG LONGSHENG IMPORT &
EXPORT CO. LTD.

      Defendant.

---------------------------------------------------------------X

ECF CASE

08 Civ. _____ (_____)


**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S APPLICATION FOR AN ORDER
OF MARITIME ATTACHMENT AND GARNISHMENT
PURSUANT TO RULE B(1) OF THE SUPPLEMENTAL
RULES FOR CERTAIN ADMIRALTY AND MARITIME
CLAIMS OF THE FEDERAL RULES OF CIVIL PROCEDURE**


**PRELIMINARY STATEMENT**


  Plaintiff, YANGCHUN SHIPPING INC. ("Plaintiff"), respectfully submit this Memorandum of Law in support of its application for an order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil

Procedure in connection with Plaintiffs' admiralty and maritime claims in the amount of $2,556,653.24 (U.S. Dollars Two Million Five Hundred Fifty Six Thousand Six Hundred Fifty Three And Cents Twenty Four) resulting from breach of a contract of maritime bills of lading .

## STATEMENT OF FACTS

On or about December 11, 2006, Plaintiff entered into a voyage charter party ("Charter Party") with Jingxin Australia Pty Ltd., as charterer of the Vessel for the carriage of logs from safe ports Solomon Islands to safe ports China at charterer's option.

On or about 18 April 2007, during the voyage from Solomon Islands to China the Vessel suffered a casualty due to heavy weather and from 20 April 2007 2226 LT to 1355 on 23 April 2007 was towed to Ninbo, China, which was the nearest port of refuge to await further arrangement of discharge.  However, Defendant insisted that the Vessel be towed to the intended discharge port at Taizhou, China (which was an impossible task given that the Vessel had lost her rudder stock), because Defendant refused to obtain customs clearance to permit discharge of the Cargo at Ninbo. By reason of the Defendant's unreasonable request that the Vessel be towed to Taizhou for discharge of the Cargo the Vessel was delayed by about two months at Ninbo. After further negotiation between the parties, the Cargo was finally transshipped and transported to Taizhou.

On or about 9 June 2007 discharge from the Yang Xue commenced into barges. On 13 June 2007, during transshipment of the Cargo at Ninbo the Vessel was arrested by the Defendant for security for an alleged cargo claim. Plaintiff has posted security in the amount of RMB $ 12,000,000 to release the Vessel from arrest on 3rd August 2007 and is defending the suit brought by the Defendant for its alleged cargo claim before the court in Wuhan, China. Plaintiff has also commenced an action against the Defendant before the same court in China for damages for loss of use and delay of the Vessel at Ninbo, China.

By reasons of the premises, the Plaintiff has sustained damages in the amount of $2,143,571.00, which are summarized as follows:

| | |
|---|---|
| Loss of usage of Vessel: 106 days @ $20,000/day | $2,120,000.00 |
| Fee for immigration office on board during arrest RMB 75,000 | $ 10,714.00 |
| Unpaid port fee in Taizhou: RMB 90,000 | $ 12,857.00 |
| Total | **$ 2,143,571.00** |

The Plaintiff has commenced proceedings against the Defendant in China for loss of use and delay of the Vessel while it was waiting for the receivers to discharge their cargo. In addition to the principal claim, Plaintiff is also entitled in China, to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated, are $50,000.00

Litigation of these disputes in China may take up to 3 years including appeals if any. Plaintiff is entitled to and would receive interest at 5.25% per annum compounded annually to the completion of the litigation of about $363,082.24.

Based upon the foregoing, therefore, the Plaintiff's total claim against Defendant for which it seeks security herein is $2,556,653.24 ($2,143.571.00+ $50,000.00 +$363,082.24).

All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

Plaintiff brings this action by seeking an order of seizure of Defendant's goods and chattels, or credits and effects in the hands of any garnishees within this District, in the amount sued for herein, so that the Court shall have jurisdiction to enter a judgment upon the final decision of the suit in the court of the Peoples Republic of China.

As a result of the foregoing, Plaintiff asserts a claim in the amount of $2,556,653.24 for loss of usage and delay, attorneys' fees and costs and interest in the suit in China, as nearly as can be estimated at present.

## ARGUMENT

## POINT I

### AN ORDER AUTHORIZING THE ISSUANCE OF PROCESS OF MARITIME ATTACHMENT SHOULD BE GRANTED PURSUANT TO SUPPLEMENTAL RULES B (1) TO ALLOW ATTACHMENT OF DEFENDANT'S ASSETS IN THE HANDS OF NON-PARTIES TO THIS ACTION

Rule B (1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Supplemental Rule B (1)"), specifically permits prejudgment attachment in admiralty or maritime cases whenever the defendant cannot be "found" with the district:

> With respect to any admiralty or maritime claim *in personam* a verified complaint may contain a prayer for process to attach the defendant's good and chattels, or credits and effects in the hands of garnishees to be named in the process to the amount sued for, if the defendant shall not be found within the district. Such a complaint shall be accompanied by an affidavit signed by the plaintiff or plaintiff's attorney that, to the affiant's knowledge, or to the best of the affiant's information and belief, the defendant cannot be found within the district. The verified complaint and affidavit shall be reviewed by the court and, if the conditions set forth in this rule appear to exist, an order so stating and authorizing process of attachment and garnishment shall issue.

Plaintiff's claim arises under bills of lading pursuant to which the logs were carried on board the Vessel under two bills of lading incorporating the GENCON charter party form which is a maritime contract and, therefore, is a claim within the admiralty jurisdiction of this Court. G. Gilmore & C. Black, The Law of Admiralty 22, n. 65 (2d ed. 1975); 1 Benedict On Admiralty § 184 at 12-11 (7th rev. ed. 2002). Because Plaintiff possesses a maritime claim, it may secure a

4

maritime attachment pursuant to Supplemental Rule B (1) against all assets and property (up to the amount of the claim) belonging to Defendant which may be situated within the district "if the defendant(s) shall not be found within the district". Supplemental Rule B (1).

For purposes of Supplemental Rule B(1), the term "found within the district" presents a two-pronged inquiry. If the defendants cannot be found within the district for jurisdictional purposes and for service of process, an attachment is permissible. See Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 582 (2d Cir. 1963); see also 29 Moore's Federal Practice § 705.02 [2][b] (Matthew Bender 3d ed.). As explained in the accompanying Affidavit of Rahul Wanchoo, Defendants cannot be found within this District Court under this analysis. Accordingly, the issuance of an order of maritime attachment is proper.

Rule B attachment is also proper in aid of foreign litigation or arbitration. Polar Shipping Ltd. v. Oriental Shipping Corp., 680 F.2d. 627, 632 (9th Cir. 1982); Staronset Shipping Ltd. v. North Star Navigation Inc., 659 F. Supp. 189, 191 (S.D.N.Y. 1987); Andros Compania Maritima,S.A. v. Andre and Cie, S.A., 430 F. Supp. 88 (S.D.N.Y. 1977). See also Drys Shipping Corp. v. Freight of the M.S. DRYS, 558 F.2d 1050 (2ds Cir. 1977). Maritime attachment and garnishment is available not only against an account maintained by a defendant in New York, but also against any correspondent bank which is used to transfer funds of a defendant's in or out of New York. Winter Storm Shipping Ltd. v. TPI, 310 F.3d 263 (2d Cir. 2002).

### POINT II

### AN ORDER AUTHORIZING THE ISSUANCE OF PROCESS OF MARITIME ATTACHMENT SHOULD IN ADDITION TO PLAINTIFF'S PRINCIPAL CLAIM ALSO INCLUDE INTEREST, COSTS AND ATTORNEYS' FEES

Plaintiff seeks to attach Defendant's assets in the hands of non-parties. In order to attach Defendant's assets in the hands of non-parties, an order of attachment and garnishment is

required. An Order authorizing the issue of maritime attachment is based not only on the principal amount of the claim but also for interest, attorneys' fees and other taxable costs. See, e.g., Consub Delaware LLC v. Schahin Engenharia Limitada, 476 F.Supp.2d 305 (S.D.N.Y. 2007), Sonito Shipping Company Ltd. v. Sun United Maritime Ltd., 478 F.Supp.2d 532 (S.D.N.Y. 2007), and T&O Shipping Ltd. v. Lydia Shipping Co. S.A., 415 F.Supp.2d 310 (S.D.N.Y. 2006). Plaintiff therefore requests that the Court issue an order authorizing process of maritime attachment and garnishment in order to ensure satisfaction of the judgment of the Chinese court in the amount of $2,556,653.24 (U.S. Dollars Two Million Five Hundred Fifty Six and Six Hundred Fifty Three and cents twenty four), as nearly as can be estimated at present.

## CONCLUSION

By reason of the foregoing, it is respectfully submitted this Court should issue an Order authorizing the issuance of Process of Maritime Attachment and Garnishment pursuant to Supplemental Rule B(1) and Plaintiff should have such other and further relief as is just and proper in the circumstances.

Dated: New York, New York
      August 19, 2008

Respectfully submitted,

**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
YANGCHUN SHIPPING INC.

By: _____/s/_____
    Rahul Wanchoo (RW-8725)